IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MANSOUR MOHAMMAD, #Y15873   ) | |
| ) | |
| **Plaintiff**,   ) | |
| ) | |
| vs.   ) | Case No. 19-cv-00756-SMY |
| ) | |
| JACQUELINE LASHBROOK,   ) | |
| LIEUTENANT MORRIS, C/O REGGIE   ) | |
| EPPLIN, T. BRADLEY, LT. EUGENE   ) | |
| SIMPSON, and JOHN DOE 1,   ) | |
| ) | |
| **Defendants.**   ) | |

# NOTICE AND ORDER

This case is before the Court for case management purposes. The Court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A on December 5, 2019 (Doc. 14). On January 13, 2020, Menard Correctional Center identified Defendant Lt. Coleman as Lt. Eugene Simpson (Doc. 24). Defendant Simpson was sent a request for Waiver of Service of Summons which he executed and returned. Thus, his responsive pleading was initially due to be filed on or before March 30, 2020 (Docs. 28, 32). However, pursuant to Amended Administrative Order 261 and Second Amended Administrative Order 261, all deadlines in existence and pending as of March 21, 2020 were extended by 60 days. Simpson's responsive pleading deadline was therefore extended to May 29, 2020. To date, Simpson has failed to move, answer, or otherwise plead in response to the Complaint.[1]

---

[1] The screening order directed Defendants to "timely file an appropriate responsive pleading to the Complaint" and states that Defendants "shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g)." (Doc. 50, p. 5). Because the Court specifically ordered Defendants to respond to the Complaint, Defendant Simpson cannot rely on the Prison Litigation Reform Act to avoid the entry of default. 42 U.S.C. § 1997e(g)(2). *See* e.g., *Vinning v. Walks*, 2009 WL 839052, *1 n.2 (S.D. Ill. Mar. 31, 2009) (default against defendant was proper because the Court exercised its authority under 42 U.S.C. § 1997e(g)(2) by directing the defendant to file a reply to plaintiff's complaint, and the defendant "disregarded that direct [o]rder").

Under the Federal Rules of Civil Procedure, the Clerk of Court must enter default against a defendant who has failed to plead or otherwise defend. FED.R.CIV.P. 55(a). Accordingly, the Court **ORDERS** as follows:

1) The Clerk of Court is **DIRECTED** to **ENTER DEFAULT** against Defendant Simpson in accordance with Federal Rule of Civil Procedure 55(a).

2) Plaintiff is **ORDERED** to move for default judgment against Defendant Simpson within 14 days of the date of this Order in accordance with Federal Rule of Civil Procedure 55(b).

3) If Plaintiff fails to move for default judgment as set forth in this Order, Defendant Simpson will be dismissed for Plaintiff's failure to prosecute his claim against her and/or failure to comply with an order of the Court.

4) The Clerk of Court is **DIRECTED** to transmit a copy of this Order and the entry of default to Plaintiff and Defendant Simpson.

**IT IS SO ORDERED.**

**DATED: August 18, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**