**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **MANSOUR MOHAMMAD, #Y15873** ) | |
| ) | |
| **Plaintiff**, ) | |
| ) | |
| vs. ) | Case No. 19-cv-00756-SMY |
| ) | |
| **JACQUELINE LASHBROOK, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

# ORDER

**YANDLE, District Judge:**

The Court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A on December 5, 2019 (Doc. 14). On January 13, 2020, Menard Correctional Center identified Defendant Lt. Coleman as Lt. Eugene Simpson (Doc. 24). Defendant Simpson was sent a request for Waiver of Service of Summons (Doc. 28) and returned the Waiver. Thus, his responsive pleading was due by March 30, 2020 (Doc. 32). Pursuant to Amended Administrative Order 261 and Second Amended Administrative Order 261, all deadlines in existence and pending as of March 21, 2020 were extended by 60 days. Therefore, Simpson's responsive pleading deadline was extended to May 29, 2020.

Simpson failed to move, answer, or otherwise plead in response to the Complaint, and as result, on August 18, 2020, the Court issued an Order directing the Clerk to Enter Default against Simpson in accordance with Federal Rule of Civil Procedure 55(a) (Doc. 52). The Clerk's Entry of Default was docketed on August 19, 2020 (Doc. 53) and Plaintiff filed a Motion for Default Judgment on August 24, 2020 (Doc. 54). This matter is now before the Court on Simpson's Motion to Vacate Clerk's Entry of Default (Doc. 56). The Court held a hearing on the motion on September 30, 2020.

1

## Discussion

"A party seeking to vacate an entry of default prior to the entry of judgment must show: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630–31 (7th Cir.2009) (citations omitted); FED. R. CIV. P. 55(c). Simpson, who is retired from the Illinois Department of Corrections, asserts that he intended to seek representation from the Office of the Attorney General but "inadvertently and mistakenly" failed to forward the request for representation. But there is a difference between inadvertence and willful neglect of responsibilities and the Court finds that Simpson's failure to take steps to secure representation and respond to the Complaint for over 6 months was willful negligence. That said, once he received notice of the entry of default, he acted quickly to correct it and the Office of the Attorney General filed a notice of appearance on his behalf. Additionally, Simpson has sufficiently established that he has a meritorious defense to Plaintiff's claims.

For the foregoing reasons and in light of this Court's preference for adjudication on the merits, Defendant Simpson's Motion to Vacate Clerk's Entry of Default (Doc. 56) is **GRANTED** and the Clerk's Entry of Default (Doc. 53) is **VACATED**. Defendant Simpson shall file his responsive pleading within **7 days**. Plaintiff's Motion for Default Judgment (Doc. 54) is **DENIED**.

The Court has noted a recent pattern by IDOC and its employees and Wexford and its employees of failing to timely respond to prisoner's Complaints following service. Consequently, there has been a troubling rise in Clerk's Entry of Default and subsequent filings of Motions to Set Aside Clerk's Entry of Default. As such, IDOC and Wexford are warned that a finding of "good cause" is not a given and such motions will not be automatically and routinely granted.

**IT IS SO ORDERED.**

**DATED: October 1, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**
