IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MANSOUR MOHAMMAD,                        )
                                         )
      Plaintiff,                         )
                                         )
      v.                                 )          Case No.   19-cv-756-RJD
                                         )
JACQUELINE LASHBROOK, et al.,            )
                                         )
      Defendants.                        )

**ORDER**

**DALY, Magistrate Judge:**

    This matter is before the Court on Plaintiff's Motion in Opposition of Summary Judgment in Favor of Defendant Hanna (Doc. 113).   In the Court's Order dated February 10, 2022, the undersigned found Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit (*see* Doc. 112).   The Court granted the motion for summary judgment on the issue of exhaustion of administrative remedies filed by Defendants Lashbrook, Morris, Epplin, and Simpson.   The Court also found that although Defendant Hanna did not move for summary judgment on the issue of exhaustion of administrative remedies, summary judgment in favor of Hanna was also appropriate as there was no indication that Plaintiff submitted any exhausted grievance related to Hanna.   Plaintiff was given until March 14, 2022 to file any evidence opposing the entry of summary judgment in favor of Hanna under Federal Rule of Civil Procedure 56(f).

    Plaintiff filed the instant motion in response to the Court's Order.   The Court construes the filing only as a response in opposition to the entry of summary judgment under Rule 56(f) in favor of Hanna and finds the motion **MOOT**.   In his response, Plaintiff complains that Hanna did not move for summary judgment and asserts entry in his favor shows bias, unfairness, and partiality to

Page **1** of **3**

Defendant.  Plaintiff did not present any evidence to call into question the appropriateness of entering summary judgment in favor of Hanna due to Plaintiff's failure to exhaust his administrative remedies.

"A district court is permitted to enter summary judgment sua sponte if the losing party has proper notice that the court is considering granting summary judgment and the losing party has a fair opportunity to present evidence in opposition."  *Whitfield v. Walker*, 438 F. App'x 501, 504 (7th Cir. 2011) (citing *Acequia, Inc. v. Prudential Ins. Co. of Am.*, 226 F.3d 798, 807 (7th Cir. 2000)) (other citations omitted).   A court contemplating a sua sponte entry of summary judgment need give the adversely affected party only "a reasonable time to respond."  *Whitfield*, 438 F. App'x at 504 (citing Fed. R. Civ. P. 56(f)(3).

In this instance, Plaintiff was provided thirty days to submit his evidence in opposition to entry of summary judgment in favor of Defendant Hanna.  Plaintiff failed to provide any evidence.   While the Court notes Plaintiff's contention that entry of the same shows bias in favor of Defendant, it is merely invoking the Federal Rules as written and implemented.  *See, e.g., Dixon v. Wexford Medical Source*, Case No. 3:19-cv-00222-SMY-GCS, 2021 WL 5259897, at *6 (S.D. Ill. July 12, 2021); *Riley v. Gardner*, Civil No. 12-671-GPM, 2013 WL 3124386, at *3-4 (S.D. Ill. June 19, 2013).

For the reasons set forth in the Court's Order dated February 10, 2022 (Doc. 112), summary judgment is **GRANTED** in favor of Defendant Lloyd Hanna.   Plaintiff's claims against Defendant Hanna are **DISMISSED without prejudice**.   The Clerk of Court is **DIRECTED** to enter judgment and close this case.

**IT IS SO ORDERED.**

**DATED: March 22, 2022**

_s/_ _Reona J. Daly_

**Hon. Reona J. Daly**
**United States Magistrate Judge**