IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MANSOUR MOHAMMAD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  19-cv-756-RJD |
| ) | |
| JACQUELINE LASHBROOK, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Plaintiff's Motion for Leave to File Late Notice of Appeal (Doc. 114).  In his motion, Plaintiff asserts an Order was entered on February 10, 2022 granting Defendants' Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Doc. 112).  Plaintiff explains he drafted his notice of appeal on March 3, 2022 to be forwarded to the law library on March 4, 2022 to be e-filed.  Plaintiff asserts he was gravely injured on March 4, 2022 by his cellmate and, as a result, he and his cellmate were confined in segregation pending a hearing.  Plaintiff was without his property until March 11, 2022, when he was released from segregation and was presumably able to submit his notice of appeal for filing.

In his proposed notice of appeal, Plaintiff asserts he appeals "from the final judgment entered in this action on February 10, 2022 granting Defendants' Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies and Dismissing Without Prejudice Defendants."  Although the Defendants' motion for summary judgment was granted on February 10, 2022, no final judgment was entered in this case until March 22, 2022 (Doc. 116).

Federal Rule of Appellate Procedure 4 provides that a notice of appeal must be filed within

30 days of the judgment or order appealed from.  Fed. R. App. 4(a)(1).  However, the district court can extend time for filing a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Plaintiff is correct that an Order granting Defendants' Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies was filed on February 10, 2022.  However, no final order as to Defendant Hanna was entered until today, March 22, 2022.  Moreover, final judgment was not entered until March 22, 2022 as well.  As such, Plaintiff has thirty (30) days from the entry of judgment to file a notice of appeal.  Said notice can designate the orders by which the undersigned reached final judgment, including the February 10, 2022 Order.  *See Ghosh v. Getto*, 146 F. App'x 840, 843 (7th Cir. 2005) (The Seventh Circuit noted that "ordinarily, an appeal from a final judgment brings up for review all previous orders entered in the case," in finding that the plaintiff's appeal of the order granting summary judgment on her remaining claims and a final judgment for defendants was sufficient to demonstrate the plaintiff's intention to appeal all previously issued orders, including an order dismissing a due process claim.) (internal quotation omitted).  Indeed, appellants are not free to appeal the dismissal of one set of claims until final judgment is entered on any and all surviving claims.  *Badger Pharmacal, Inc. v. Colgate-Palmolive Co.*, 1 F.3d 621, 626 (7th Cir. 1993).

For these reasons, Plaintiff's Motion is **MOOT**.  A notice of appeal should be filed within 30 days of the entry of judgment pursuant to Rule 4.

**IT IS SO ORDERED.**

**DATED: March 22, 2022**

*s/  Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**
